U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 NOV -6 P 12: 04

CLERK
BY [signature] DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| TESLA HUBBARD, QMHP,<br>*Plaintiff*,<br><br>*v.*<br><br>NORTHEAST KINGDOM HUMAN SERVICES, INC.; and JOSH BURKE,<br>*Defendant*. | **Case No.: 2:26-cv-00067** |

## STIPULATED DISCOVERY PROTECTIVE ORDER

Based on the parties' representations, the Court holds that good cause exists under F.R.C.P. 5.2(e) and L.R. 5.2 for certain medical and personnel records to be subject to this Stipulated Protective Order. Therefore, the Court orders the following with respect to discovery in this action, whether the information or documents are from parties or non-parties.

1. This Stipulated Protective Order applies to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including interrogatory answers, responses to requests for admission, documents produced, expert reports, deposition transcripts or tapes, and deposition exhibits (collectively, "Discovery Materials").

2. "Confidential Materials" shall only be used for the purpose of this action. There shall be no reproduction of Confidential Discovery Materials except for the purposes permitted. As is reasonably necessary for these purposes, copies, excerpts, or summaries of these

materials may be made, shown, or given to those persons authorized pursuant to paragraph 3.

3. If a party or non-party contends that patient medical records or personnel records within Discovery Materials should be treated as "Confidential Material" (as that term is used herein) because it is competitively sensitive, confidential, private, personal, medical, personnel, employment, financial, client, consumer, patient, beneficiary, business, compliance, or other information for which disclosure would create a substantial risk of harm, embarrassment, invasion of privacy, or other good cause, then that party or non-party may designate that material as "Confidential" either by a clearly marked designation if it is a document, or by counsel's statement on the record if the information is elicited in oral form, at the time the document is produced or the information is elicited ("Confidential Material"). Confidential Material shall be maintained in confidence by the receiving party and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons:

   (a) Counsel of record for the parties, and employees and agents of counsel, who have responsibility for the preparation and trial of the action;

   (b) Experts or consultants retained for the purposes of this action who have first signed an "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A (a copy of which shall be given to each opposing counsel);

   (c) The parties and their officers whose assistance is reasonably necessary to assist counsel in this action, provided that each is first advised of, and agrees to be bound by, the terms of this Protective Order by signing an

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A (a copy of which shall be given to each opposing counsel);

(d) The Court, in the manner described in Paragraph 6 and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules;

(e) The Early Neutral Evaluation Mediator (currently designated as Michael Marks);

(f) Court reporters and recorders engaged for depositions, professional jury or trial consultants, mock jurors, and vendors to whom disclosure is reasonably necessary for this litigation; and

(g) Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

4. A receiving party (including anyone acting on the receiving party's behalf or at its direction) may not upload or otherwise transmit Confidential Material to a Large Language Model ("LLM") or generative artificial intelligence ("AI") tool or platform (collectively, "AI Tool") unless the receiving party has ensured that:

- The receiving party can delete all Confidential material from the AI Tool;
- Confidential Material submitted to the AI Tool, and any resulting outputs, are not disclosed or accessible to anyone who is not authorized to receive Confidential Material per Paragraph 3;
- Confidential Materials are not used to train or improve any AI Tool, except an AI Tool that will be exclusively used within this action and will be destroyed at the conclusion of the action; and

- The AI Tool is used in a secure environment.

Any LLM or AI models, AI inputs, and AI outputs containing or developed using Confidential Material are deemed to bear the same designation as the original produced material and cannot be used for any purpose other than prosecuting or defending this litigation. The receiving party must remove any Confidential Material from such tools at the conclusion of the litigation and must return or destroy the material.

5. A party's or non-party's designation of Discovery Materials as Confidential Material may be challenged by any other party. The party or non-party making the designation shall have the burden of proving that the Discovery Material should be treated as designated. Before filing any motions or objections to a designation for protection under this Stipulated Protective Order with the Court, the objecting party shall have an obligation to meet and confer in good faith to resolve the objection by agreement. If agreement is reached confirming or waiving the Confidential designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement, within 14 days of such agreement.

6. A party filing Confidential Material must give notice and file such Confidential Material under seal pursuant to F.R.C.P. 5.2 and L.R. 5.2. This Protective Order does not modify or otherwise change the requirements of F.R.C.P. 5.2 or L.R. 5.2, namely that the Court must order whether any Confidential Material shall remain under seal or partially redacted. However, if a party intends to file a document containing Confidential Material with the Court, this Stipulated Protective Order grants leave to make such filing under seal in compliance with F.R.C.P. 5.2 and L.R. 5.2, subject to further order of the Court. Prior to disclosure at trial or a hearing of materials or information designated

Confidential, parties may seek further protections against public disclosure from the Court, including appropriate sealing, redaction, or other measures to protect sensitive medical, personnel, employment, financial, client, consumer, patient, beneficiary, or other confidential information.

7. The inadvertent production of Discovery Materials which are privileged or protected, or which have not been marked Confidential, shall not be a waiver of any privilege, protection, or confidentiality, provided that the producing party shall promptly make a specific request for the return of the inadvertently produced material or for the opportunity to designate its confidentiality.

8. Within 60 days of final termination of this action, including all appeals, the parties shall assemble and return all Confidential Material, together with all copies and extracts thereof, to the producing party or non-party, or, if directed to do so by the producing party, shall destroy that material. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 60-day period. The undersigned firms shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of any materials designated as Confidential that were included in or attached to any document filed with the Court.

9. Counsel for the parties shall serve a true and complete copy of this Stipulated Protective Order on any non-party on whom a discovery or trial subpoena is served. The entry of this Stipulated Protective Order upon the stipulation of the parties in no way limits any party or non-party from seeking other or further relief from the Court.

10. The restrictive disclosure and use provisions of this Stipulated Protective Order shall not apply to any documents or information which are, or during the litigation become: (a) of public record; (b) filed as a public record with the clerk of any federal or state court in other litigation; (c) filed with any federal or state agency, copies of which are required by that agency to be freely available in their entirety to the public; (d) information the receiving party lawfully possessed before production; or (e) published.

11. Certain Discovery Materials may be subject to 42 C.F.R. §§ 2.1–2.68 ("Part 2") if they identify a patient as having or having had a substance use disorder, or if they contain substance use disorder or alcohol use disorder information obtained by a federally assisted substance use or alcohol use disorder program. Should that be the case, this Protective Order does not limit, abrogate, or otherwise modify 42 C.F.R. § 2.64, which sets forth various procedural requirements including but not limited to notice to the applicable patient(s) and a separate disclosure order from the Court. If a party requests discovery that implicates records covered by Part 2, the responding party shall advise the requesting party as part of discovery responses such that an appropriate order can be sought under § 2.64.

12. Each party shall have the right to apply to the Court to modify this Stipulated Protective Order for good cause shown.

13. This Stipulated Protective Order shall remain in full force and effect during and after the termination of this action, until modified by further order of the Court.

Dated at Burlington, in the District of Vermont, this 6th day of November 2026.

Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge